## No. 14,406.

METROPOLITAN LIFE INSURANCE COMPANY ET AL. *v.*
KAUFMAN ET AL.
(87 P. [2d] 758)

Decided February 20, 1939.

Mr. HENRY MCALLISTER, Mr. JOHN O. RAMES, Mr.
HARRY COLE BATES, of counsel, for plaintiffs in error.

Mr. CHARLES ROSENBAUM, amicus curiae.

*En Banc.*

MR. JUSTICE BOCK delivered the opinion of the court.

THIS review involves a proceeding under sections 11 and 12, chapter 177, '35 C. S. A., which provide a method for compelling a witness to testify in this state in a case pending in a court of record outside of this state, unless the witness has "a fair and just excuse" for refusal to testify. The law also applies to the issuance of a subpoena duces tecum.

The defendant in error Kaufman, a physician, who does not appear here, asserted as "a fair and just excuse" for his refusal to testify, the protection of the statute making communications between physician and patient privileged, upon objection made by the patient, Belsky, the other defendant in error, who also makes no appearance here. Counsel who appeared for Belsky in the trial court appears here as amicus curiae. He participated in oral argument but filed no written brief.

The proceeding is auxiliary to certain civil actions instituted in the circuit court of the city of Saint Louis, state of Missouri. Upon the refusal of Kaufman to testify before plaintiff in error Prince, a commissioner in this state duly authorized under dedimus, plaintiffs in error petitioned the Denver district court to order its clerk to issue a subpoena duces tecum, requiring Kaufman to testify and produce certain books, records and memoranda. The trial court, after hearing, sustained the refusal of Kaufman and discharged him from the order to show cause why he should not be held guilty of contempt. It is this ruling of the court we are asked to reverse.

Three separate actions were begun in the circuit court of Saint Louis by the defendant in error Belsky against plaintiff in error Metropolitan Life Insurance Company,

involving substantially the same issues. One has been tried and is pending on appeal; the others are still pending in the trial court. The evidence sought by the dedimus involved here is for use in the pending cases.

Two questions are raised: First, to what extent does the privilege go? Second, if the privilege applies in the circumstances here presented, has it been waived? In view of our conclusions, it is unnecessary to consider the first question, and we therefore eliminate it from further consideration. In passing upon the second question, we are concerned with the law of the forum, which is that of the state of Missouri.

The Colorado and Missouri statutes on privilege are practically identical. It is admitted by counsel for plaintiffs in error that the privilege includes hospital records.

The testimony sought relates primarily to hospital records, showing the illness of Belsky in the years 1925 to 1927, inclusive, at a Denver hospital, material to representations in 1931 on his ·then state of health, in order to obtain disability insurance. In the action in which trial has been had, Belsky, without objection, permitted two physicians employed at the Denver hospital during the years involved in the instant proceeding to testify about his illness. The other two actions involved the same parties and issues and could, had Belsky desired, have been litigated in one action. Did this constitute a waiver of the privilege as applied to the testimony sought here? We think it did. No authorities that the privilege can be waived by the patient need be cited. Privileged communications are personal to the patient only. *Cromcenes v. Sovereign Camp,* 205 Mo. App. 419, 224 S. W. 15, 17; *Epstein v. Pennsylvania R. R. Co.,* 250 Mo. 1, 156 S. W. 699, 705.

The purpose of the privilege is "to encourage confidence and to preserve it inviolate." When the patient permits or consents, without objection, that the confidential information become public at a public trial, the reason for the privilege ceases to exist. *Fearnley v.*

*Fearnley,* 44 Colo. 417, 429, 98 Pac. 819; *Sholine v. Harris,* 22 Colo. App. 63, 71, 123 Pac. 330; *Elliott v. Kansas City,* 198 Mo. 593, 96 S. W. 1023, 1026, 1028; *Epstein v. Pennsylvania R. R. Co., supra; Ryan v. Metropolitan Life Ins. Co.* (Mo. App.), 30 S. W. (2d) 190, 194; *Marx v. Parks* (Mo. App.), 39 S. W. (2d) 570, 574.

Moreover, under the Missouri authorities, a waiver of privilege established through the testimony of one physician extends to all who have attended the patient for the same ailment, regardless of the time of such consultations, attendance or treatments. *State v. Long,* 257 Mo. 199, 165 S. W. 748, 754; *Michaels v. Harvey* (Mo. App.), 179 S. W. 735, 738; *McPherson v. Harvey* (Mo. App.), 183 S. W. 653, 654; *Weisman v. Wells,* 306 Mo. 82, 267 S. W. 400, 403.

Having waived the privilege in the trial of the first case, can Belsky withdraw the same in subsequent cases under the circumstances here presented, or is the waiver continuing? We have never passed on this question under the Colorado statute.

The Missouri courts have held that the privilege once waived ceases to exist. *Ryan v. Metropolitan Life Ins. Co., supra; Elliott v. Kansas City, supra; State v. Long, supra; O'Brien v. Western Imp. Mfg. Co.,* 141 Mo. App. 331, 125 S. W. 804, 806.

The principle seems to be established in Missouri that when a waiver of privilege is once made it is general and not special, and its effect cannot properly be limited to a particular purpose or a particular person. It is clear that the privilege as it relates to the evidence sought here has been waived.

Kaufman at the trial expressed a willingness to testify, if the court so ordered. There was, therefore, no willful contempt on his part. The action of the trial court neutralizes any willfulness. Since we are of the opinion that Belsky has waived any privilege as to any evidence of his illness in the Denver hospital during the years involved, the trial court should require Kaufman

to appear before it and instruct him to give his evidence under the dedimus as issued, and that any privilege that may have protected Belsky has been waived.

In view of the fact that there has been no appearance by the defendants in error and no willfulness on the part of Kaufman, the costs in this court shall be taxed against the Metropolitan Life Insurance Company, plaintiff in error.

The judgment is reversed and the cause remanded, with directions to proceed in accordance with the views expressed herein.