No. 20,113.

ROGER MAURO *v.* DOROTHY JEANNE TRACY,
ADMINISTRATRIX OF THE ESTATE OF
THOMAS MAIOLO, DECEASED.
(380 P. [2d] 570)

Decided April 8, 1963.

Mr. ROBERT E. MCLEAN, Mrs. MARJORIE WORLAND MC-
LEAN, Mr. JOSEPH P. LEWIS, for plaintiff in error.

Messrs. YEGGE, HALL and SHULENBURG, Mr. RAYMOND
J. CONNELL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties as they appeared in the
trial court where plaintiff in error's intestate was
plaintiff and defendant in error was defendant.

The action was brought to recover damages for personal injuries allegedly sustained by plaintiff in an automobile accident. Defendant offered no defense on the issue of liability and the case was submitted to the jury for determination of the amount to which plaintiff was entitled to recover. The verdict of the jury assessed the damages at $1,500.00 and judgment entered upon the verdict. Plaintiff being dissatisfied with the amount of the judgment seeks to have the verdict and judgment set aside on the sole ground that the trial court erred in admitting the testimony of two doctors who were employed by him for treatment following the accident in which his asserted injuries were sustained.

Plaintiff testified that immediately after the accident he experienced pain in his neck and back; that on the following day he went to see Dr. Goebel, who was not in his office; consequently he was examined and treated by Dr. Koller, who was associated in the practice of medicine with Dr. Goebel. He further testified that for a period of six months thereafter Dr. Goebel treated him for the injuries received in the accident. He stated that X-rays were taken; drugs were prescribed to relieve pain, and that pursuant to these doctors' instructions he remained at home in bed for two weeks following the accident. He stated that for the professional services of doctors Koller and Goebel, made necessary by the accident, he paid the sum of $78.00, and that he lost two and one-half months work because of the injuries sustained by him.

■ Following the testimony of the plaintiff, defendant called Doctors Koller and Goebel, each of whom gave testimony seriously impeaching the evidence offered by plaintiff as to the extent of his injuries, the treatments prescribed in connection therewith, and the amount of their charge for professional services. Dr. Goebel's testimony disputed plaintiff's statement that several visits subsequent to the date of the accident

were for treatment of injuries suffered therefrom. He stated that these subsequent consultations and treatments were for other causes. Plaintiff objected to the admission of this testimony on the ground that its reception violated C.R.S. '53, 153-1-7, which provides in pertinent part that a person shall not be examined as a witness in the following cases:

"(4) A physician or surgeon duly authorized to practice his profession under the laws of this state, or any other state, shall not be examined without the consent of his patient, as to any information acquired in attending the patient; * * * "

It will be noted that plaintiff first opened the door for the admission of this testimony by his own statements of the details of the treatment given by these doctors and the charges made therefor. As to the matters testified to by plaintiff the protection of the statute was waived.

In *Hill v. Hill*, 106 Colo. 492, 107 P. (2d) 597, the question arose as to the admissibility of letters written by a client to her attorney. The objection was that the offered letters were privileged communications. From the opinion in that case we quote the following:

" * * * At least two well recognized principles of law remove the cloak of privilege from these letters: (a) 'Communications made to an attorney for the purpose of being conveyed by him to others are stripped of the idea of a confidential disclosure, and, therefore, are not privileged.' 28 R.C.L. 563; *Moran v. Thurman,* 127 Kan. 688, 275 Pac. 160; *Green v. Fuller,* 159 Wash. 691, 294 Pac. 1037; *Ferguson v. McBean,* 91 Cal. 63, 27 Pac. 518. (b) When the plaintiff took the witness stand and asked that the letters be produced in order that she might refresh her memory from them, she impliedly gave her consent to their introduction and waived the privilege, if any there were."

In *Fearnley v. Fearnley,* 44 Colo. 417, 98 Pac. 819, a

similar question was presented. The court's opinion in that case includes the following:

"Mr. Dunklee was the attorney for deceased, and had sustained that relation to him for several years prior to his death. It is also claimed by counsel for defendant that Dunklee was regarded by her as her counsel. As a defense to the contract the defendant filed an answer, charging Dunklee with fraud and deceit in obtaining the contract from her. She went upon the stand and testified respecting matters intended to establish this defense. This involved what transpired between her husband and herself and Mr. Dunklee, who was acting for them in the preparation of the deeds, bill of sale, will and contract. Subsequent to the reception of her testimony, Mr. Dunklee was permitted, over her objection, to give his version of what was said, and what transpired. This, it is claimed, was error, because of the provisions of §4824, Mills' Stats., which inhibits an attorney, without the consent of his client, from disclosing any communication made by the client to him, in the course of professional employment. The law as thus declared should be rigidly enforced, but there are instances when the statute does not apply, of which the case at bar is an example. The object of the statute is to extend to the client the privilege that his communication shall not be disclosed without his consent. It is a personal privilege, and if he makes the disclosure himself, it ceases to be a secret. The defendant testified to what transpired between her husband, Mr. Dunklee and herself. By so doing she made it public, and thereby waived her right to object to Mr. Dunklee giving his own account of the matter. *Hunt v. Blackburn,* 128 U.S. 464; *State v. Madigan,* 66 Minn. 10."

See also in this connection *Sholine v. Harris,* 22 Colo. App. 63, 123 Pac. 330; and *Browning, et al., v. Potter,* 129 Colo. 448, 271 P. (2d) 418.

The trial court did not err in admitting the testimony to which objection was made.

110

The judgment is affirmed.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.