470 P.2d 590 (1970)
Gary L. KELLEY, Plaintiff in Error,
v.
Amy L. HOLMES, Defendant in Error.
No. 70-029. (Supreme Court No. 22835.)
Colorado Court of Appeals, Div. I.
February 25, 1970.
Rehearing Denied March 31, 1970.
*591 J. Bayard Young, Denver, Woodruff B. Cram, for plaintiff in error.
Coit & Walberg, Keith J. Vandenberge, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
Briefly stated, the facts in this case are as follows: Plaintiff in error, plaintiff below, was driving north on Pontiac Street in the City of Denver while defendant in error, defendant below, was proceeding east on 30th Avenue, when a collision occurred between the parties at the intersection of these two streets. According to the evidence produced at trial, the defendant started into the intersection without seeing the plaintiff. Upon noticing the plaintiff, she applied her brakes but not in sufficient time to stop her automobile before it struck the left front door of the vehicle driven by the plaintiff.
Plaintiff claimed defendant was negligent in the operation of her automobile. He brought suit to recover damages to his vehicle and for his personal injuries sustained as a result of the collision. Defendant filed a general denial and affirmatively answered that plaintiff was guilty of contributory negligence. Trial was to a jury which found for the defendant.
Plaintiff first contends that the trial court erred when it refused to direct a verdict for the plaintiff on the issue of liability. We find no merit in this contention.
It is plaintiff's theory of the case that since he had the right of way within the intersection, according to the Denver City ordinance, defendant was negligent as a matter of law. Even though the violation of a traffic ordinance constitutes negligence per se, standing alone, such a violation does not prove liability unless there is a causal connection shown between the violation and the resulting injury. Lambotte v. Payton, 147 Colo. 207, 363 P.2d 167. It is for the trier of facts based on competent evidence to determine whether or not the violation was a proximate cause of the collision.
Plaintiff's second allegation of error pertains to the giving of Instruction No. 7 which quoted sections of a Denver City ordinance as follows:
"You are instructed that at the time and place of the accident of April 25, 1963, the following ordinances of the City and County of Denver were in full force and effect:

* * * * * *
`514.1 Drive on Right Side.

`Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway.
`514.6 Limitations on Driving to Left of Center of Roadway.

`Except upon one-way roadways, no vehicle shall at any time be driven to the left side of the roadway under the following conditions: * * *
`.6-2 When approaching within one hundred (100) feet of or traversing any intersection * * *.'"
Defendant's theory was that if plaintiff were in violation of the ordinance at the time of the collision, then he was guilty of contributory negligence and should be denied recovery.
If an ordinance were violated, and this violation caused or contributed to the happening of an accident, then the jury should be instructed on the ordinance. Anderson v. Munoz, 159 Colo. 229, 411 P.2d 4.
In this case there was sufficient evidence to support a finding that plaintiff did violate this ordinance by straying into the left side of the roadway while crossing the intersection. However, the evidence indicated that plaintiff was, at most, one foot over the centerline at the time of collision. Defendant's testimony was that if plaintiff had been two to four feet to the right (i. e., one to three feet to the right of the centerline), she could have stopped in time. Consequently, whether or not plaintiff was in *592 violation of the ordinance at the time of the accident would be immaterial.
It was error to instruct the jury on this ordinance. Even if plaintiff violated this ordinance, no evidence was produced to show that this violation could have been a proximate cause of the accident. Houser v. Eckhardt, Colo., 450 P.2d 664.
Plaintiff's third contention is that the trial court erred in allowing Dr. William F. Stanek to testify as to plaintiff's physical condition over plaintiff's objection and claim of privilege. We find no merit in this contention, but will discuss it, since the same question will probably be raised on the second trial.
In order to protect the confidential relationship existing between physician and patient, and to encourage full disclosure between the two, our statute provides that a patient may invoke a claim of privilege and prohibit a physician from testifying. C.R.S.1963, 154-1-7(5).
Such a rule is not an absolute one. In certain instances a patient may expressly or impliedly waive such a claim of privilege. We find this case to be one of those exceptions.
Plaintiff went to Dr. Stanek for an examination and report, but did not call Dr. Stanek to testify. It is plaintiff's contention that since he, the plaintiff, was the one who consulted Dr. Stanek, that defendant cannot examine Dr. Stanek as to plaintiff's injuries without plaintiff's consent. Plaintiff maintains that the physician-patient privilege was waived only as to those doctors plaintiff called to testify, not as to Dr. Stanek, whom the plaintiff chose not to call. We do not agree with this restricted theory of waiver.
One of the main issues in this case was the nature and extent of plaintiff's injuries. Plaintiff produced evidence in the form of testimony by two doctors as to the seriousness of his injuries. Once plaintiff had raised this issue, he has waived the physician-patient privilege, not only to the doctors he has called, but as to all physicians consulted concerning these injuries.
Other jurisdictions have recognized the principle that once the issue of injury is raised by a party he is deemed to have waived his claim of privilege. In Koump v. Smith, 25 N.Y.2d 287, 303 N.Y.S.2d 858, 250 N.E.2d 857, the New York court held that a mere denial of a physical condition is not a waiver of privilege, but when such a condition is raised affirmatively by way of a complaint or defense, the party is then deemed to have waived his privilege.
In Mauro v. Tracy, 152 Colo. 106, 380 P.2d 570, it was held that the privilege was waived once the plaintiff testified as to the service and treatment he received from physicians. Such a decision is compatible with both logic and justice. If plaintiff, as part of his claim, wishes to establish that he was seriously injured by offering testimony of physicians who treated him, he cannot at the same time deny to the defendant the right to disprove such a claim. He cannot select those physicians who have examined him that would testify favorably and at the same time deny to defendant the right to elicit testimony from those doctors who have examined but are not inclined to testify favorably.
In order for the trier of facts to reach a just result, he should have before him all relevant data in order to make a proper finding of fact. When one of the main issues to be determined is the extent of plaintiff's injuries, then he should have before him all relevant medical testimony in order that he may reach the proper verdict. Houser v. Eckhardt, supra.
In view of our ruling in this case, we will not consider the other grounds of error urged.
We reverse and remand to the court below with directions that a new trial on all issues be held.
SILVERSTEIN, C. J., and PIERCE, J., concur.