512 P.2d 283 (1973)
Edna I. CONYERS, Plaintiff-Appellant,
v.
Emil J. MASSA et al., Defendants-Appellees.
No. 72-308.
Colorado Court of Appeals, Div. II.
July 17, 1973.
George A. Hinshaw, P. C., Aurora, for plaintiff-appellant.
Tilly & Graves, Charles Q. Socha, Ronald O. Sylling, Denver, for defendant-appellee Emil J. Massa.
Wood, Ris & Hames, P. C., William K. Ris, Denver, for defendants-appellees The Farmers Ins. Group and The Farmers Ins. Exchange.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Edna Conyers, plaintiff, asserts that defendant, Dr. E. J. Massa, wrongfully and without her consent, disclosed privileged information contrary to C.R.S.1963, 154-1-7(5), *284 to defendants, The Farmers Insurance Group and The Farmers Insurance Exchange. She further asserts that the insurance companies wrongfully induced the disclosure. After filing their answers, the defendants filed a motion for summary judgment, which was granted. Plaintiff appeals from the judgment of dismissal entered thereon. We affirm.
The material facts are undisputed. Plaintiff was involved in an auto accident with one Jones, whom she sued for damages allegedly resulting from that accident. The defendant insurance companies insured Jones and assumed defense of the action. Conyers consulted Dr. Massa who took x-rays of her foot which she asserted was injured in the accident. Dr. Massa found no injuries and Conyers then went to another doctor for treatment. She filed a claim for medical expenses with her own insurance carrier which sent her to Dr. Massa for examination and report. After the examination, which took place about nine months after plaintiff's first visit, Dr. Massa sent his report to her insurance company. These were the only times Dr. Massa saw plaintiff.
Prior to the trial in the action against Jones, Conyers' deposition was taken, at which she testified she had seen Dr. Massa and that he had "found nothing." At the request of the Jones' attorney, Conyers was examined by another doctor. His report, sent to both parties, revealed that Conyers had told that doctor of Massa's findings and that he had examined the x-rays taken by Massa. Thereafter and shortly before the trial Jones' attorney asked Massa to send him a copy of the report sent to Conyers' insurance carrier. Massa complied with this request. It is the release of this report that is the basis of the present action.
In Colorado the privileged relationship between patient and doctor arises from C.R.S.1963, 154-1-7(5), which prohibits the examination of a physician without the patient's consent, "as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient . . .."
There are two reasons why Massa's actions did not constitute a breach of the privilege. First the information disclosed was obtained for the purpose of conveying the information to a third party; and second, if the privilege existed it was waived by the patient.
The privileged communication relationship between doctor and patient did not exist at common law. It arises only from the statute, and there is no liberal construction in favor of the privilege. Horn v. Hurwitz, 76 Colo. 389, 231 P. 1116. Conyers knew when she presented herself for the examination that the information obtained by the doctor was to be transmitted to a third party. Therefore the information was not privileged. See, Hill v. Hill, 106 Colo. 492, 107 P.2d 597.
Even if it be considered that the information was privileged, the privilege can be waived by the patient. Metropolitan Life Ins. Co. v. Kaufman, 104 Colo. 13, 87 P.2d 758.
"Generally, the privilege is waived whenever the person entitled to the protection of the statute voluntarily makes public matters of which a disclosure without his consent is forbidden." 97 C.J.S. Witnesses § 310.
Here, Conyers voluntarily disclosed the information to Jones' medical examiner and testified to the facts revealed by the report. This action is controlled by Mauro v. Tracy, 152 Colo. 106, 380 P.2d 570, which states:
"It will be noted that plaintiff first opened the door for the admission of this testimony [relative to examination and treatment of a patient] by his own statements of the details of the treatment given by these doctors and the charges made therefor. As to the matters testified to by plaintiff the protection of the statute was waived."
We have examined plaintiff's additional assertions of error and find them to be *285 without merit. Since Conyers has shown no claim against Dr. Massa, the claims against the insurance companies, founded on alleged wrongdoing by the doctor, must also fall.
Judgment affirmed.
COYTE and DWYER, JJ., concur.