543 P.2d 83 (1975)
CHROMA CORPORATION d/b/a Aloha Beach Lounge, a Colorado Corporation, Plaintiff-Appellant,
v.
COUNTY OF ADAMS, a Colorado County, and the Board of County Commissioners of the County of Adams, a Colorado County, Defendants-Appellees.
No. 74-584.
Colorado Court of Appeals, Div. II.
August 26, 1975.
Rehearing Denied October 16, 1975.
Certiorari Denied December 22, 1975.
*84 Douglas G. McKinnon, Harold E. Fielding, Littleton, for plaintiff-appellant.
S. Morris Lubow, County Atty., Larry W. Berkowitz, Asst. County Atty., Brighton, for defendants-appellees.
Selected for Official Publication.
RULAND, Judge.
Plaintiff Chroma Corporation appeals from a judgment of the district court affirming a 30-day suspension of its restaurant and hotel liquor license by defendant Board of County Commissioners of Adams County. We affirm.
The material facts are not disputed. On July 5, 1974, the Board issued an order to Chroma to show cause at a hearing on July 19, 1974, why its liquor license should not be suspended. The order indicated that based on information presented to the Board on July 5, "it was made to appear" that Chroma had "violated the laws of the State" on Saturday, June 29, 1974. The order set forth detailed allegations to the effect that Chroma's agents failed to prevent public indecency, allowed an employee under 21 years of age to serve liquor, refused to serve food to customers, and employed a dancer without clearance from the county sheriff. Only the charges involving public indecency and refusal to serve food are involved in this appeal.
Prior to the hearing on July 19, counsel for Chroma filed a written request for dismissal of all charges on the basis that there was no indication in the order as to what specific state statutes had been violated. At the hearing and in response to Chroma's request for dismissal, the county attorney contended and the Board ruled that it was unnecessary to specify either in the order or during the hearing the statute allegedly violated.
Relative to the charges involved here, the county presented the testimony of two liquor enforcement officers to establish that on the date indicated in the order, employees of Chroma allowed young female dancers to perform "topless," and at times both "topless" and "bottomless," and to use provocative movements in various dances. They both stated that none of the customers at the establishment was served food, and that the officers specifically requested food and were informed, in effect, that Chroma did not prepare food to serve to its customers on Saturdays.
*85 During cross-examination of one of the inspectors by counsel for Chroma, inquiry was made as to whether the witness was familiar wtih the State Liquor Code and the provisions thereof which Chroma allegedly violated. The witness responded in the affirmative. The witness was then asked to inform counsel of the specific statutory sections that had allegedly been violated, whereupon the county attorney objected and the Board sustained the objection.
Following presentation of evidence by the county attorney, Chroma elected to present no evidence. Following its deliberations, the Board dismissed the two charges not at issue here and concluded that the evidence showed violations by Chroma of regulations 19B and 22B of the Rules and Regulations for the Colorado Liquor Code, adopted pursuant to § 12-47-105(1)(b), C.R.S.1973. The Board suspended Chroma's license for 30 days.
Chroma first contends that the trial court erred in refusing to set aside the order of suspension on the grounds that the State Administrative Procedure Act, § 24-4-101 et seq., C.R.S.1973 (hereinafter referred to as the Act), applies to a license suspension proceeding initiated by the county, and pursuant thereto, the county was required to specify in its show cause order the specific statutes Chroma allegedly violated as required in § 24-4-105(2), C.R.S.1973.
While, as Chroma contends, the county is a state agency, see Board of County Commissioners v. Love, 172 Colo. 121, 470 P.2d 861, unless the General Assembly provides otherwise, those provisions of the Act governing license suspension relate only to state agencies having statewide jurisdiction. See § 24-4-107, C.R.S.1973; Board of County Commissioners v. State Board of Social Services, Colo., 528 P.2d 244. Thus, since the General Assembly has not adopted legislation requiring that license suspension proceedings by a county be conducted pursuant to the Act and since the county does not have statewide jurisdiction, the notice requirements are governed by the State Liquor Code. Section 12-47-120, C.R.S.1973, thereof does not require that the notice of hearing identify the specific statute or regulation that the licensee is alleged to have violated.
Chroma next contends that the trial court erred in not setting aside the order of suspension because the county violated Chroma's right to procedural due process by refusing to disclose the statute or regulation upon which it relied until the conclusion of the evidentiary hearing. We disagree.
While we recognize that the holder of a liquor license has sufficient interest therein to require procedural due process protection, see A. D. Jones & Co. v. Parsons, 136 Colo. 434, 319 P.2d 480, the test of whether the licensee's procedural due process rights have been violated is one of "fundamental fairness." See Mountain States Telephone & Telegraph Co. v. Department of Labor and Employment, Colo., 520 P.2d 586; Western Alfalfa Corp. v. Air Pollution Variance Board, Colo.App., 534 P.2d 796 (cert. granted May 12, 1975).
We specifically disapprove of the actions of the county attorney in refusing to disclose during the evidentiary hearing the statute and the regulations upon which the county relied. Nevertheless, we must conclude that the factual allegations in the show cause order were clearly sufficient to inform Chroma of the applicable regulations it was charged with violating.
By the notice, Chroma was informed that it was charged with the following violations:
"[T]he officers, agents, and employees of said Liquor Licensee did authorize, allow, encourage, and fail to prevent public indecency in the place of business in that female dancers . . . performed in the nude in a public place and did engage in lewd exposure of bodies with the intent to arouse the sexual desire of other persons.

*86 * * * * * *
"[T]he officers, agents, and employees of said Liquor Licensee where [sic] not prepared to serve food with liquor and did fail, refuse, and neglect to provide food when requested by a customer. . . ."
Regulations 19B and 22B provide respectively:
"Each licensee shall conduct his establishment in a decent, orderly and respectable manner, and shall not permit within or upon the licensed premises . . . lewd or indecent displays . . . offensive to the senses of the average citizen, or to the residents of the neighborhood in which the establishment is located."
"Al restaurants shall at all times when open for business maintain on the premises adequate personnel, foodstuffs and other necessary facilities, equipment and supplies for the preparation and serving of meals as defined by 75-2-4(20)(a) CRS 1963 as amended [now § 12-47-102(9), C.R.S.1973]."
These regulations were adopted by the Executive Director of the State Department of Revenue in 1967 pursuant to the authority of § 12-47-105(1) (b), C.R.S.1973, and in compliance with the requirements of the State Administrative Procedure Act. See § 24-4-103, C.R.S.1973. No challenge to the constitutionality of the regulations has been presented in this appeal.
Having applied for and received a license pursuant to the State Liquor Code, Chroma is presumed to know the regulations governing use of that license. See Vigil v. Motor Vehicle Division, Colo., 519 P.2d 332. There is no evidence that Chroma was not aware of the regulations. The test of the sufficiency of the notice is whether the charges are described with reasonable certainty so that Chroma can prepare a defense. See 1 K. Davis, Administrative Law Treatise § 8.04. Here the allegations in the show cause order are detailed and clearly point to the regulations as the legal basis for the charges. Hence, absent a showing that Chroma was unable to present a defense or was otherwise prejudiced by the failure to designate the specific regulations in the show cause order, the trial court correctly affirmed the order of suspension.
We have considered Chroma's other allegations of error and find them to be without merit.
Judgment affirmed.
SMITH and KELLY, JJ., concur.