Doye JIMERSON, Plaintiff-Appellee and Cross-Appellant,

v.

William H. PRENDERGAST, Hearings Officer for the Career Service Authority; Career Service Board of the City and County of Denver, Colorado; the Department of Health and Hospitals; and the City and County of Denver, Colorado, Defendants-Appellants and Cross-Appellees.

No. 82CA1507.

Colorado Court of Appeals, Div. II.

Jan. 3, 1985.

As Modified on Denial of Rehearing Feb. 14, 1985.

Mark J. Rubald, Denver, for plaintiff-appellee and cross-appellant.

Max P. Zall, City Atty., Geoffrey S. Wasson, Asst. City Atty., Denver, for defendants-appellants and cross-appellees.

BERMAN, Judge.

Defendants appeal from a trial court judgment reversing an order by defendant Denver Career Service Board (Board) which upheld the dismissal of plaintiff, Doye Jimerson, from her employment with the Denver Department of Health and Hospitals. Plaintiff cross-appeals the trial court's partial summary judgment in favor of the defendants, dismissing her claim for compensatory and punitive damages on the tort theories of outrageous conduct and intentional infliction of emotional distress, and the trial court's denial of her motion to alter or amend judgment to include an award for back pay. We reverse.

Plaintiff was injured on March 15, 1979, when she fell into an uncovered manhole in employer's parking lot. She was granted disability leave from February 25, 1980, through May 25, 1980, after which a "return-to-work pass" effective May 26, 1980, was issued by a physician at employer's clinic. When plaintiff failed to return to work, the employer issued a letter dated June 3 stating that she would be dismissed unless she returned to work by June 5.

After receiving the letter, plaintiff contacted her supervisor stating that she did not feel well enough to return to work. On June 6, plaintiff was again evaluated by a physician employed by employer, who released her to work subject to restrictions on lifting and bending. By letter dated June 9 plaintiff was informed that her request for additional leave was denied and that she would be terminated if she did not return to work by June 12. By letter dated

June 18, plaintiff was terminated effective June 20. Plaintiff then appealed her dismissal to the Board.

At a hearing before the Board, plaintiff presented evidence that her treating physician did not recommend that she return to work. However, the employer presented evidence that other examining physicians believed that she could return to work with restrictions. At the conclusion of the hearing, the hearing officer resolved the conflicting testimony in favor of employer and affirmed the dismissal.

Plaintiff then filed a C.R.C.P. 106(a)(4) action alleging that the hearing officer had abused his discretion in affirming the dismissal. The trial court reversed, finding that "plaintiff was denied due process of law and a fair hearing" and that "the hearing officer did not have sufficient competent evidence upon which to base his findings and order."

On appeal, defendants contend that there was sufficient evidence to support the decision of the hearing officer and that plaintiff was not denied due process. We agree.

■ In review of a quasi-judicial action under C.R.C.P. 106(a)(4), a decision will be upheld if the ultimate findings are supported by any competent evidence. *Hudspeth v. Board of County Commissioners*, 667 P.2d 775 (Colo.App.1983).

Here, the only controverted factual issue was whether plaintiff was physically able to return to work. Defendants adduced testimony from an examining physician that, based upon his observations and those of other examining physicians, plaintiff was able to return to work with restrictions. This evidence, if competent and admissible, was sufficient to sustain the hearing officer's decision.

Plaintiff contends, however, that the examining physician's testimony was inadmissible because his conclusions were based at least in part on the opinions of a second examining physician as to whom plaintiff had not waived her physician-patient privilege. This contention is without merit.

■ When one entitled to invoke a physician-patient privilege pleads a physical condition as the basis of a claim, there is an implied waiver of any claim of confidentiality respecting that condition. *Clark v. District Court*, 668 P.2d 3 (Colo.1983). Thus, if a party offers the testimony of a physician in order to establish a physical condition, the party thereby waives the privilege as to other examining physicians. *Kelley v. Holmes*, 28 Colo.App. 79, 470 P.2d 590 (1970). It follows that, under the circumstances of this case, plaintiff had impliedly waived the privilege as to the other examining physicians. It is immaterial that the medical opinions upon which the examining physician relied in testifying would themselves have constituted hearsay, since with proper foundation under CRE 703 an opinion of an expert may be based upon facts or data not itself admissible.

Plaintiff contends, in addition, that the administrative hearing was procedurally defective. First, she argues that the hearing officer erred in permitting the administrator of the East Side Health District to testify as to the contents of plaintiff's personnel file even though the file was not itself admitted into evidence. We perceive no procedural error.

■ Under § 24-4-105(7), C.R.S. (1982 Repl.Vol. 10) of the Administrative Procedure Act (APA), evidence may be received in adjudicatory agency hearings even if it is inadmissible under the rules of civil procedure "if such evidence possesses probative value commonly accepted by reasonable and prudent men in the conduct of their affairs." The APA, however, applies only to state agencies having statewide jurisdiction. *Chroma Corp. v. County of Adams*, 36 Colo.App. 345, 543 P.2d 83 (1975). Thus, the Denver Career Service Authority is not subject to the APA.

Nevertheless, Denver Career Service Authority Rule 12-25 has a provision analogous to the applicable APA provision. That rule provides:

"All testimony and evidence [at a Denver Career Service Authority hearing] shall be within reasonable bounds of relevancy

and materiality, and shall not be unnecessarily cumulative, although *strict rules of evidence shall not apply.*" (emphasis supplied)

 Hence, even if we assume, without deciding, that plaintiff's personnel file was not admissible under CRE 803(6) as a record of regularly conducted activity, we nevertheless conclude that its contents had sufficient probative value to be admissible under Denver Career Service Authority Rule 12–25.

 Moreover, even if we were to rule that admission of the information from the personnel file was error, such error would be harmless since that information was relevant only to the reason for plaintiff's discharge, and plaintiff conceded during her own testimony that she had failed to return to work after her disability leave had expired.

Plaintiff contends also that the letters she received advising her to return to work were fatally defective since the first, ordering her to return to work by June 5, 1980, was not received until June 4 or 5, and the third letter, which stated that she was dismissed effective June 20 but that the dismissal would be "cancelled" if she returned to work before June 20, was not received until June 21. We disagree.

 Denver Career Service Authority Rule 16–42(b) provides that the employer "shall give the employee written notice of dismissal on or before the effective date, unless the dismissal is immediate." Plaintiff was sent three dismissal notices, the first of which she received, at the latest, on its effective date. In view of plaintiff's testimony that she was unable to return to work and her failure to allege any prejudice from the form of the subsequent dismissal notices, any defect in those notices was harmless error.

In view of our disposition of defendants' appeal, we do not reach plaintiff's cross-appeal.

The judgment is reversed and the cause is remanded with instructions to reinstate the order of the Board.

KELLY and BABCOCK, JJ., concur.