**NEW HAMPSHIRE INSURANCE COMPANY,. Intervenor Plaintiff–Appellant,**

**v.**

**HECLA MINING COMPANY, a Delaware corporation, Defendant–Appellee.**

**INDUSTRIAL INDEMNITY COMPANY, a California corporation, Plaintiff–Appellant,**

**v.**

**HECLA MINING COMPANY, a Delaware corporation, Individually and as Successor in Interest to Day Mines, Inc., an Idaho corporation; State of Colorado; ASARCO, Inc., a New Jersey corporation; Resurrection Mining Company, a Delaware corporation; and Res–ASARCO Joint Venture, a Colorado joint venture, Defendants–Appellees.**

Nos. 87CA0082, 87CA0092.

Colorado Court of Appeals,
Div. II.

Oct. 19, 1989.

Rehearing Denied Nov. 16, 1989.

Certiorari Granted May 29, 1990.

Crane & Leake, P.C., Robert E. Crane and James A. Casey, Durango, for intervenor plaintiff-appellant New Hampshire Ins. Co.

Kelly/Haglund/Garnsey & Kahn, Edwin S. Kahn, Denver, for defendant-appellee Hecla Mining Co.

White & Steele, P.C., Frederick W. Klann, Denver, and Piper & Marbury, Thomas W. Brunner, Laura A. Foggan and

John Cavilia, Washington, D.C., for amicus curiae Ins. Environmental Litigation Ass'n.

Kelly, Stansfield & O'Donnell, Timothy J. Flanagan, Denver, and Covington & Burling, Robert N. Sayler, John G. Buchanan, III and William Greaney, Washington, D.C., for amicus curiae Armstrong World Industries, Inc., Intern. Business Machines Corp. and Stauffer Chemical Co.

Rothgerber, Appel, Powers & Johnson, Charles Goldberg, Frederick J. Baumann, Mark A. Oates and Jill B. Nelson, Denver, for plaintiff-appellant Indus. Indem. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael R. Hope, Deputy Atty. Gen., Kent E. Hanson, First Asst. Atty. Gen., and Victoria L. Peters, Asst. Atty. Gen., Denver, for defendant-appellee State of Colo.

Bradley, Campbell & Carney, P.C., Earl K. Madsen and John R. Jacus, Golden, for defendants-appellees ASARCO, Inc. and Res–ASARCO Joint Venture.

Sherman & Howard, Christopher Lane, Ronald M. Eddy and F. Brittin Clayton, III, Denver, for defendant-appellee Resurrection Mining Co.

Opinion by Chief Judge KELLY.

These two cases, which we have consolidated *sua sponte*, concern the duty of two insurance companies to defend against and provide indemnification for claims asserted in the United States District Court for the District of Colorado under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. § 9601, et seq. (1982). In the federal action, the State of Colorado sued ASARCO, Inc., Resurrection Mining Co., and the Res–ASARCO Joint Venture for releasing hazardous substances into the soil and water in the California Gulch and Yak Tunnel near Leadville, Colorado. The defendants filed a third-party complaint against several other companies, including Hecla Mining Co., alleging that the third-party defendants also contributed to the release of hazardous substances in the area. Hecla then demanded that its insurers, Industrial Indemnity Co. and New Hampshire Insur-

ance Co., provide a defense. New Hampshire did so under reservation of its rights, but Industrial refused. So far as the record shows, the case is still pending in federal court without further action.

Industrial brought this state action under C.R.C.P. 57 and § 13–51–101, et seq., C.R.S. (1987 Repl.Vol. 6A) against Hecla, the State of Colorado, and the defendants in the federal action. It sought a declaratory judgment that it has no duty to defend or to indemnify Hecla in the federal action because environmental damage caused by Hecla's mining activities is not within the scope of coverage provided by its insurance policies. New Hampshire joined the action against Hecla as plaintiff-intervenor asking for similar declaratory relief.

As to the companies' duty to defend, Hecla asked for a summary judgment. The only document filed in support of this motion was a memorandum brief. It relied solely on its interpretation of the policies as providing coverage. Moreover, Hecla successfully resisted discovery by Industrial, insisting that the only issue before the trial court concerned the interpretation to be given the policy.

Hecla moved for dismissal of the claims regarding the companies' duty to indemnify. The other parties requested dismissal of the complaint against them. The trial court granted these motions, and entered summary judgment requiring the insurance companies to defend. The court ruled that the policies provided coverage for the activities alleged. We reverse as to this portion of the appeal, but affirm the trial court's dismissal of the complaint as to the State of Colorado, ASARCO, Inc., Resurrection Mining Co., and the Res–ASARCO Joint Venture.

## I.

■ The insurance policies here provide coverage for damages caused by an "occurrence" which is "an accident, including continuous or repeated exposure to a condition, which results in bodily injury or property damages neither expected nor intended from the standpoint of the insured." Industrial and New Hampshire assert that the trial court erred in holding as a matter of law that there was an "occurrence" which gave rise to a duty to defend Hecla in the federal action. We agree.

Hecla does not deny that it discharged hazardous substances into the environment in the regular course of its mining activites. Hecla argues, however, that the resulting damage was unintended and that the definition of occurrence does not preclude coverage for the unintended results of intentional acts. Hecla reaches this conclusion by reading the definition disjunctively; that is, an "occurrence" is an event whose results are *either* unexpected *or* unintended.

This argument is not without support. *See Western World Insurance Co. v. Hartford Mutual Insurance Co.*, 600 F.Supp. 313 (D.Md.1984); *Shapiro v. Public Service Mutual Insurance Co.*, 19 Mass.App. 648, 477 N.E.2d 146 (1985). The analysis of other cases, however, supports an interpretation of the definition in the conjunctive, that is, that an "occurrence" is an event whose results are *both* unexpected *and* unintended. *See Fischer & Porter Co. v. Liberty Mutual Insurance Co.*, 656 F.Supp. 132 (E.D.Pa.1986) (environmental damage caused by toxic chemical leaking from storage tank was not unexpected when the leaking occurred after the tank's useful life); *American States Insurance Co. v. Maryland Casualty Co.*, 587 F.Supp. 1549 (E.D.Mich.1984) (environmental damage caused by dumping of toxic waste during the insured's regular course of business was not unexpected). We believe this to be the better-reasoned approach and in accord with the plain grammatical structure of the policy language.

The results of one's intentional acts cannot be unexpected if they are the ordinary consequences of those acts. *Butler v. Behaeghe*, 37 Colo.App. 282, 548 P.2d 934 (1976). *See also City of Carter Lake v. Aetna Casualty & Surety Co.*, 604 F.2d 1052 (8th Cir.1979) (if the insured knew or should have known of a substantial probability that certain consequences would follow its actions, then the activity is not an "occurrence").

Here, Hecla knew or should have known of a substantial probability that its mining activities would result in environmental damage. The Colorado Mined Land Reclamation Act, § 34–32–101, et seq., C.R.S. (1984 Repl.Vol. 14), expresses the General Assembly's intent to "aid in the protection of wildlife and aquatic resources . . . and promote the health, safety, and general welfare of the people of this state." Section 34–32–102, C.R.S. (1984 Repl.Vol. 14). The Act, as originally enacted, required mine operators to obtain permits, subject to certain conditions, including "[disposal of waste material] in a manner that will control stream pollution . . . or deleterious effects from such [waste material]. . . ." Colo.Sess.Laws 1969, ch. 243, § 6 at 861. Thus, absent a contrary showing, the Act provides constructive notice to all mine operators that their activities could cause environmental damage.

Because there is no indication in the record that Hecla was unaware of the statutory guidelines, it is presumed that it knew of the conditions to which its mining activities were subject. *See Chroma Corp. v. Adams County*, 36 Colo.App. 345, 543 P.2d 83 (1975). Accordingly, the damage that occurred was an ordinary consequence of Hecla's actions. As a matter of law, it was not unexpected. *See Butler v. Behaeghe, supra.*

It follows that Industrial and New Hampshire have no duty to defend Hecla in the federal action. There being no coverage, Industrial and New Hampshire have no duty to indemnify Hecla in the event it is found liable in the underlying federal action. *See American States Insurance Co. v. Maryland Casualty Co., supra.*

Since Hecla's mining activities were outside the scope of coverage, we need not consider whether, if the activities had been "occurrences," they would be excluded from coverage by the "pollution exclusion" clause of the policies.

## II.

Finally, Industrial argues that the trial court erred in dismissing its complaint against the State of Colorado, ASARCO, Inc., Resurrection Mining Co., and the Res–ASARCO Joint Venture. Inasmuch as we have determined that there is no coverage, this argument is academic.

The dismissal of the State of Colorado, ASARCO, Inc., Resurrection Mining Co., and the Res–ASARCO Joint Venture is affirmed. Otherwise, the judgment is reversed, and the cause is remanded with directions to enter judgment in favor of New Hampshire Insurance Company and Industrial Indemnity Company.

METZGER and MARQUEZ, JJ., concur.