No. 9897.

MARTI-MATTER COMPANY *v.* THOMAS, ET AL.

Decided December 5, 1921.

Action in damages for breach of contract for sale of real property.    Judgment for defendants.

*Reversed.*

1.   CONTRACT—*Sale of Real Property.*   Evidence, consisting of letters and telegrams between the parties, reviewed and held to establish a completed and binding contract for the sale and purchase of real property.

*Error to the District Court of Kit Carson County, Hon. Arthur Cornforth, Judge.*

Messrs. GODSMAN & GODSMAN, for plaintiff in error.

Mr. LOUIS VOGT, for defendants in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

THE Marti-Matter Company brought this action for damages because of failure of defendants to carry out an alleged contract for the sale to it of four quarter sections of land. Trial was to the court and findings with decree for defendants. Plaintiff brings the record here for review.

The question is whether the letters and telegrams which passed, during the negotiations, constitute a binding contract between the parties. From the record it appears that the correspondence began in December, 1917, when the company requested a price on certain tracts owned by defendants. Prices were given and negotiations and sale followed as to one quarter. This sale does not enter into the present consideration, except as it may throw light upon the probable attitude of the parties in dealing with the other land. After the deal was closed on the one quarter, correspondence began as to four other quarters which defendants offered at this time at the price of eleven dollars an acre. Following offers and counter offers between the parties, defendant H. J. Thomas finally sent to the company the following telegram:

"Will you give eight thousand three hundred and twenty dollars cash for the section of land listed with you. I have received a good cash offer from another party. Wire yes or no by night letter."

The company answered as follows:

"Will take whole section eleven per acre. Letter follows."

The letter referred to contained directions for the conveyance of the land and stipulations as to manner and terms of payment, as follows:

"We are herewith enclose you four blank forms of Colorado deeds which you can use in making out the deeds to the section of land just sold.

"Deed to the NE of 27-10-46 should run to John Koos, Adams County, Nebraska. Deed to the NW 26-10-46 should run to John Sanborn, Adams County. Deeds to the

other two quarters should be in blank since we do not know as yet who will get these deeds. The consideration in all cases should be $1.00 and other valuable considerations. $2.00 revenue stamps should be applied to each deed.

"I am of the opinion we will pay all cash for the four quarters instead of giving back mortgage for one-fourth. It would have suited us very much better if we could have paid half cash and you carried back mortgage on half, or all except the NE of 27.

"If you will kindly have these deeds properly executed and send them with abstracts to First National Bank of Hastings with instructions to deliver to us upon settlement of each deed, same will be taken up at once."

In reply to this telegram and letter defendant H. J. Thomas sent a letter to this effect:

"Received your letters after an absence of two weeks. I am having patents recorded and will send you deed to SE$\frac{1}{4}$ of sec. 11-10, range 46. I will have blank deeds to the NE$\frac{1}{4}$ of sec. 27, NW$\frac{1}{4}$ of sec. 26, NE$\frac{1}{4}$ of sec. 26, and the NW$\frac{1}{4}$ of sec. 25 signed soon. It will take some time to get blank deed to NE$\frac{1}{4}$ of sec. 26, because the owner, my brother, is in France. As soon as I get the blank deeds I will notify you."

Before receipt of the above letter the company sent the following letter and telegram to defendant H. H. Thomas:

"We are still anxiously awaiting your deeds and abstracts for the section we bought of you in 10-46, Kit Carson County.

"Kindly advise us when papers will be sent, if they have not already been sent to the bank."

"Forward deed to First National Bank, Hastings, Southeast eleven, ten, forty-six, Kit Carson County, Colorado, seventeen hundred sixty net."

Upon receipt of the last letter from defendant H. J. Thomas, the company answered as follows:

"We were very glad indeed to get your favor of the 13th stating you were having your patents recorded and could

send deed to the SE of 11-10-46 to the bank at once. This is already closed and the money is waiting for you.

"We would also be very glad indeed to get the deeds to the NE 27 and NW of 26 at the earliest possible moment as the money is all waiting for you. All three of these will be cash sales.

"In regard to the NE of 26, presume we will simply have to wait until you can get deed from your brother in France. We are taking these two quarters ourselves and it is not so important that these deeds be gotten immediately, but we sincerely hope you will get deeds and abstracts to us to the first three quarters at once.

Plaintiff relied solely upon this correspondence as constituting a binding contract for the sale to it of the land in question at eleven dollars per acre. There is additional evidence in the form of letters and telegrams between the parties, indicating, as noted above, that defendants had previously offered the land to plaintiff at that figure, and that plaintiff was considering the offer, which, taken in connection with the letters and telegrams quoted, definitely establishes that the minds of the parties were in substantial accord upon price and terms for the sale and purchase of the land.

It is true that at any time during the negotiations defendants might have refused the method of or variation in manner and terms of payment suggested by the company, but it is clear that they did not do so. On the contrary they accepted them, and notified the company that they were having patents recorded, abstracts prepared and deeds drawn in accordance therewith, and as soon as such deeds were prepared would notify the company. The correspondence shows a settled intent and purpose on the part of the defendants to abide by and carry out the agreement in manner and form as therein expressed. Indeed, the whole transaction was definitely and specifically set out in writing, and the correspondence establishes a completed agreement on the part of the defendants to sell and the

plaintiff to buy. Plainly their minds had met on the terms and conditions of purchase and sale.

The judgment is reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

MR. JUSTICE TELLER and MR. JUSTICE BURKE concur.