No. 22007.

Donald Kvols, doing business as Kvols Home Improvement *v*. David L. Lonsdale, Jeanne H. Lonsdale, Morrison and Morrison, Inc., and Mary E. Gregory, Public Trustee of the City and County of Denver.

(433 P.2d 330)

Decided November 6. 1967.

Robert Leland Johnson, for plaintiff in error.

WINNER, BERGE, MARTIN and CAMFIELD, for defendants in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

THIS dispute grows out of certain remodeling work performed by Kvols on residential property owned by David and Jeanne Lonsdale.

In his complaint Kvols alleged an express contract between himself and Lonsdale, and alternatively sought recovery on the basis of *quantum meruit.* In either event, according to Kvols, a total sum of $7,832.98 was due him and, after giving Lonsdale credit for the sum of $4,180.28 already paid, Lonsdale still owed the sum of $3,652.60. In connection with his claim Kvols also sought to foreclose the mechanics' lien which he had theretofore caused to be filed on the Lonsdale property.

By answer Lonsdale alleged that there was an express contract between the parties whereby Kvols initially agreed to do the remodeling work for the total sum of $4,000, but that thereafter by further agreement of the parties the contract price was upped to $5,000 and that of this amount Lonsdale had paid Kvols the sum of $4,180.28.

When the matter came on for trial to the court, counsel for Kvols in his opening statement advised the court that Kvols' action was based upon an "express contract of cost plus labor plus ten per cent," but added that, alternatively, the action was also based on *quantum meruit.*

Counsel for Lonsdale in his opening statement advised the court that his evidence would show an express oral contract between the parties, and that the contract price initially agreed upon was in the amount of $4,000. Counsel further stated that by further agree-

ment between the parties the contract price was then raised to $5,000, and that of this agreed amount Lonsdale had paid Kvols the total sum of $4,180.28. As to the remaining $819.72, counsel said that Lonsdale was "willing to pay" to Kvols the aforesaid unpaid balance of $819.72.

Regardless of the alternative theories of recovery mentioned by counsel in his opening statement, Kvols' testimony upon trial clearly established that he was relying upon an express oral contract between himself and Lonsdale whereby he (Kvols) would do the remodeling work on a cost plus ten per cent basis. Without detailing the evidence, suffice it to say that the testimony adduced by Kvols established, *prima facie,* an express oral agreement between the parties whereby Kvols in return for his services was to receive a sum of money equal to the cost of materials and labor, plus ten per cent.

At the conclusion of Kvols' presentation of evidence, counsel for Lonsdale moved to dismiss on the ground that Kvols' had not only failed to establish *any* contract between the parties, but that he was also not entitled to any recovery on the basis of *quantum meruit.* Counsel did "concede" that the Lonsdales still owed Kvols $819.72 and asked that judgment be entered in favor of Kvols for that amount only.

The trial court granted the aforementioned motion to dismiss. but refused to enter judgment in favor of Kvols in the sum of $819.72, which amount Lonsdale had confessed was due Kvols. In the words of the trial judge, he dismissed "the entire complaint."

In granting Lonsdale's motion to dismiss, the trial court stated that it did so for two reasons. First, though the matter had not in any manner been raised by any of the parties, the trial court was of the very firm view that inasmuch as "the contract was not in writing nor subscribed to by the parties thereto as required by statute," and the amount to be paid thereunder exceeded

$500, C.R.S. 1963, 86-3-1(3) required the dismissal of Kvols' claim for relief.

Alternatively, the trial court stated that *if* it should subsequently be determined that C.R.S. 1963, 86-3-1(3) had no applicability to the present controversy, then it "will rule that taking the evidence presented at this point in the best light to the plaintiff, *the evidence does not show any agreement between the plaintiff and the defendants as to construction.*" (Emphasis added.)

By writ of error Kvols now seeks reversal of the judgment entered by the trial court. In this court opposing counsel concede that C.R.S. 1963, 86-3-1(3) has no application to the present controversy. In this regard we are in complete accord with counsel. C.R.S. 1963, 86-3-1(3) does not cover the present factual situation, and the trial court erred in disposing of this controversy on the basis of the aforementioned statute.

In this court counsel for Lonsdale argues, however, that the judgment of the trial court should nevertheless be affirmed on the basis of *Teodonno v. Bachman,* 158 Colo. 1, 404 P.2d 284. In that case we declared as follows:

"It is true that when reviewing a dismissal entered at the conclusion of the plaintiffs' evidence in a jury trial, the rule urged by the plaintiffs that the evidence must be viewed in the light most favorable to the plaintiffs is applicable. . . . . But when the trial is to the court, as it was here, the trial court is the finder of the fact and may make its findings and render judgment against the plaintiffs at the close of the plaintiffs' case. Rule 41(b)(1), R.C.P. Colo. The question on review of such action is not whether the plaintiffs made a prima facie case, *but whether a judgment in favor of the defendant was justified on the plaintiffs' evidence.* If reasonable men could differ in the inferences and conclusions to be drawn from the evidence as it stood at the close of the plaintiffs' case, then we cannot interfere with the findings and conclusions of the trial court." (Emphasis added.)

Counsel argues that under the rule announced in *Teodonno v. Bachman, supra,* the trial court was entitled to make findings of facts against Kvols at the conclusion of his presentation of evidence. Let us examine the record to see whether, in the language of the *Teodonno* case, a judgment in favor of Lonsdale was justified on Kvols' evidence.

 The trial court found, as we understand it, that there was no evidence of any agreement between the parties. This finding is a bit difficult to understand when, as is indicated above, Kvols repeatedly testified, both on direct and cross-examination, that he did have an express — though oral — understanding with Lonsdale that in return for the remodeling work he would receive an amount of money equal to the cost of materials and labor, plus ten per cent. At the juncture in the proceedings when the trial court dismissed Kvols' claim, the *only* evidence regarding the existence of a contract between the parties had come from Kvols, and certainly his testimony adds up to a contract price of cost plus ten per cent. This is not an instance where the trial court weighed the testimony, or otherwise assessed Kvols' credibility. Rather the trial court based its ruling on the erroneous assumption that there was no evidence of any agreement between the parties. Our reading of the record convinces us that there was evidence of an agreement between the parties whereby Kvols in return for his services was to receive a sum of money equal to cost plus ten per cent. Hence, the trial court erred in its dismissal of the claim on the ground that there was *no evidence* of any such agreement.

By the foregoing comment, however, we are not to be understood as in anywise indicating the ultimate outcome of this controversy. We are fully aware that Lonsdale's position is that the agreement of the parties was that Kvols would receive a total sum of $5,000 for his remodeling work. In support of this contention, Lonsdale has not yet had the opportunity to put on his evi-

dence. Lonsdale should be afforded that opportunity. Then after all the evidence is in, the trial judge should make such findings and conclusions as the preponderance of the evidence dictates.

The judgment is reversed and the cause remanded with direction that Kvols be granted a new trial.

MR. JUSTICE SUTTON not participating.