543 P.2d 729 (1975)
Epie GRIEGO and Pauline Griego, Plaintiffs-Appellants,
v.
Richard Albert KOKKELER, Defendant-Appellee.
No. 74-532.
Colorado Court of Appeals, Div. I.
July 29, 1975.
Rehearing Denied August 19, 1975.
Certiorari Denied December 8, 1975.
Carleno, Parkinson & Senseney, P.C., Louis Parkinson, Englewood, Costello & Kofoed, P.C., David L. Kofoed, William R. Dowhan, Denver, for plaintiffs-appellants.
DeMoulin, Anderson, Campbell & Laugesen, Richard W. Laugesen, Denver, for defendant-appellee.
Not Selected for Official Publication.
PIERCE, Judge.
Plaintiffs appeal from a summary judgment entered on the basis of a purported oral settlement of certain personal injury claims asserted by them. We affirm.
The undisputed facts show that former counsel, with the express authority of plaintiffs, entered into an oral settlement of plaintiffs' claims against defendant for a stipulated sum of money. Plaintiffs subsequently repudiated the agreement, asserting that they had misunderstood the effect of certain collateral obligations owed by them to third parties which would substantially *730 limit their immediate accessibility to the funds to be received in settlement. The trial court determined that the attempted repudiation was ineffective and entered judgment for defendant based on the settlement agreement.
Plaintiffs argue that their former attorney had no actual or implied authority to settle their claims, because they could not have effectively given him actual authority, due to their mistake as to the facts. As a general proposition, a compromise entered into by an attorney is not binding on his clients in the absence of express authority. Hallack v. Loft, 19 Colo. 74, 34 P. 568. Here, however, the evidence showed that plaintiffs requested their attorney to enter into settlement negotiations and expressly authorized the specific terms of the settlement agreement. Only after subsequent events made it apparent that the amount which they would personally recover would be nominal did the plaintiffs attempt to repudiate the settlement. Furthermore, even if the plaintiffs' incorrect perception could be characterized as material, it was a unilateral, not a mutual, mistake of fact and as such is not grounds for repudiation of the settlement agreement. Goff v. Boma Investment Co., 116 Colo. 359, 181 P.2d 459; Kuper v. Scroggins, 127 Colo. 416, 257 P.2d 412.
Plaintiffs further contend that even if their attorney did have the authority to compromise their claims, settlement had not yet been consummated. They characterize the oral agreement between counsel as preliminary negotiation, which was not binding on the parties. We reject this contention.
The record shows that an expressly authorized settlement had been entered into by counsel, and where there is a complete agreement, the fact that certain formalities remain to be performed, such as the execution of written releases, does not reduce such agreement to the status of mere negotiations. Goltl v. Cummings, 152 Colo. 57, 380 P.2d 556. A settlement need not have been entered into the presence of the court. Green v. John H. Lewis & Co., 436 F.2d 389 (3rd Cir.). Since, the parties voluntarily entered into an oral settlement agreement, that agreement is binding upon them. The cases cited by plaintiffs to rebut this conclusion are inapposite to the fact situation before us.
Judgment affirmed.
SILVERSTEIN, C. J., and BERMAN, J., concur.