542 P.2d 86 (1975)
Robert J. BROWN, Plaintiff-Appellant,
v.
CENTRAL CITY OPERA HOUSE ASSOCIATION, a Colorado Corporation, Defendant-Appellee.
No. 75-046.
Colorado Court of Appeals, Div. III.
August 19, 1975.
As Modified on Denial of Rehearing September 30, 1975.
Certiorari Granted November 24, 1975.
*87 Gould, Moch & Bernick, Richard J. Bernick, Denver, for plaintiff-appellant.
Hindry & Meyer, P.C., Robert D. Showalter, William F. McGlone, Denver, for defendant-appellee.
Selected for Official Publication.
STERNBERG, Judge.
Brown's suit alleging that defendant owed him a monthly pension was dismissed at the end of plaintiff's evidence for failure to prove a prima facie case. He appeals, and we reverse.
The testimony presented by plaintiff indicated the following factual background of the action. Brown was employed by Central City Opera House Association for 22 years, during the last 18 of which he served as general manager. In August of 1970, the president of the Association discussed with Brown the latter's departure from its employ. In that conversation, Brown agreed to remain available to the Association as a consultant for which he was to be paid $125 per month. He asked that the monthly stipend be for his life, but instead, it was specified that it would terminate either at his death or when he attained the age of 75.
In 1971, a dispute arose between the parties as to whether Brown had been cooperating with defendant's accountants. By letter to Brown, defendant's president stated that, "I need not remind you that the stipend which the Association has granted you was granted with the understanding that you would continue to act in an advisory capacity . . . . "Brown testified that he informed the Association that he had never been contacted requesting assistance and that he stood ready to cooperate with the Association at all times.
The monthly payments continued until December 1972, at which time they ceased. No further payments were made to Brown by the Association.
On this record, the court found that there was no discussion about Brown's receiving a pension, only testimony about his being a consultant, and therefore dismissed the action on the basis that Brown had failed to establish a prima facie case.
On appeal, Brown contends that there is no inconsistency between the pleading for a pension and the evidence presented at trial. He urges that, whether *88 the payments agreed to be made by defendant are called a "pension" as in the complaint, or a "stipend" as in the Association president's letter, legally the result is the samea contract to pay a monthly sum to Mr. Brown. We agree. The definition of "pension" is not limited to retirement situations, but also includes payments made regularly to any person, even for current services. See, e. g., Webster's Third New International Dictionary 1671, and 60 Am. Jur.2d Pensions & Retirement Funds §§1 and 84.
Further, the "substance of the claim rather than the appellation applied to the pleading by the litigant is what controls." Hutchinson v. Hutchinson, 149 Colo. 38, 367 P.2d 594; see Lyons v. Hoffman, 31 Colo.App. 306, 502 P.2d 980. "[T]he primary function of the complaint is to give notice, and theories of action are no longer significant." Continental Sales Corp. v. Stookesberry, 170 Colo. 16, 459 P. 2d 566. "It is sufficient if the pleader clearly identifies the transaction which forms the basis of his claim." Kluge v. Wilson, 167 Colo. 526, 448 P.2d 786; see C.R.C.P. 8(a).
In the instant case, the complaint set forth sufficient facts to show the basis of the claim and plaintiff presented sufficient evidence to show the necessary elements of a contract including negotiation and consideration. Therefore, the trial court erred in dismissing the action merely because the complaint referred to a pension, while the evidence supported a contract for a consultant's fee. Sec Hinsey v. Jones, 159 Colo. 326, 411 P.2d 242.
Furthermore, since the evidence was sufficient to show a contract between the parties and its breach by defendant, the court erred in dismissing the complaint at the end of plaintiff's evidence for failure to prove a prima facie case. The proper test is whether plaintiff produced some evidence which, when taken most favorably to him, proved a claim upon which relief could be granted. See Kvols v. Lonsdale, 164 Colo. 125, 433 P.2d 330.
Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.
PIERCE and VanCISE, JJ., concur.