## No. C-810

**Central City Opera House Association, a Colorado
corporation v. Robert J. Brown**

(553 P.2d 64)

Decided August 9, 1976.

Hindry & Meyer, P.C., Charles H. Jacobs, Robert D. Showalter, William F. McGlone, for petitioner.

Gould, Moch and Bernick, Richard J. Bernick, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We granted certiorari to review the opinion of the Colorado Court of Appeals in *Brown v. Central City Opera House Association*, 36 Colo. App. 334, 542 P.2d 86. We affirm the court of appeals' opinion with some modification.

The respondent, Brown, was employed by the petitioner, Central City Opera House Association (called the Association), for 22 years, during the last 18 of which he was the Association's general manager. In about September 1970 Brown ceased being general manager. The Association made payments to him of $125 a month from September 30, 1970 through December 30, 1972, at which later time all payments stopped. Brown brought action against the Association, claiming that it was under contract to pay him $125 per month until his 75th birthday on October 5, 1987, or until his death, whichever first occurred.

The plaintiff made the following allegation in his complaint:
"2. On plaintiff's retirement as such general manager, the defendant agreed to pay him a *pension* of $125 per month from September 30, 1970, until plaintiff's 75th birthday, August 5, 1987, or plaintiff's death, whichever first occurs. In consideration of this, the plaintiff was to be available as a consultant to the defendant as required." (Emphasis added.)

The evidence in the case consisted solely of the testimony of Brown and of four exhibits which were admitted into evidence.[1] Only one of these exhibits is material so far as this review is concerned. That exhibit was a letter to Brown by Myron D. Neusteter, who was president of the Association, which letter will be mentioned later.

Under the testimony of Brown, he and Neusteter had lunch together in August of 1970. The record contains the following testimony of Brown as to the conversation at that luncheon:
"Q Now, what did Mr. Neusteter tell you on that occasion?
"A He told me that after a discussion with the Executive Committee it

---

[1] At the commencement of trial defense counsel had a number of other exhibits marked for identification. These included excerpts from the minutes of the Executive Committee of the Association, some of which related to the arrangement with Brown. However, these were not offered nor received in evidence.

was felt that it was time to make a change in the management of Central City Opera; that I was not being fired; that there was no complaint against me, but that it was time they felt for a change. After all, I had been associated with the Opera Association for 22 years.

"They had new ideas, new plans, and it was felt that it was now a proper time to make a change, and I agreed with him on that.

"Q Was anything said about your continuing with the Association in any capacity?

"A Yes; he told me that he would like for me to remain as a consultant, and I told him that I was very happy to do so, and in fact would be honored to be considered as a consultant, would help in every way I could possibly do.

"Q Was there an agreement as to the continuing payments to you by the Association?

"A He told me that I need not worry about the $125.00 a month because that had been approved and taken care of by the Executive Committee and was no longer any problem, and that would continue."

On redirect examination Brown testified that at the luncheon it was specified that the $125 monthly payments "were to go until I was 75 years of age."

The letter from Neusteter to Brown was dated February 24, 1971. Its text read as follows:

"This year, as you may know, the Association has changed auditors. Our new auditors are Lybrand Ross and Montgomery. They have spent many difficult hours reconciling books and records kept in prior years to accommodate to our new bookkeeping methods.

"We have been advised by our auditors that on several occasions they have called you for explanations or help in reconciling these records, and that at no time have they received your cooperation. I was really quite surprised when I was told this as you have always been most willing to help and cooperate with the Association. Also, I need not remind you that the stipend which the Association has granted you was granted with the understanding that you would continue to act in an advisory capacity, and that you would be on reasonable call to the Association whenever necessary.

"There may be many occasions when either Mr. Dahlgren, Mr. Alexander, Mr. Kelly, or I, or our designated representatives may want to call upon you for help, advice, or information relative to past years, and I am hopeful that you will be willing and ready to furnish it whenever necessary."

At the close of the plaintiff's case, the district court granted an oral motion of defendant for dismissal of the action. The transcript does not contain the motion as made by counsel for the defendant.[2]

---

[2]The record states, "defendant's motion for dismissal of plaintiff's claim and argument of counsel for plaintiff and defendant not contained herein at the direction of counsel."

The ruling of the trial court was as follows:

"Having listened to the testimony adduced on behalf of the plaintiff's case in chief, considering the complaint and the arguments of counsel, the Court in examining this complaint notes that in Paragraph 2 thereof the plaintiff alleges that on plaintiff's retirement as such general manager, the defendant agreed to pay him a pension of $125.00 per month from September 30, 1970, until plaintiff's 75th birthday, August 5, 1987, or plaintiff's death, whichever first occurs. In consideration of this the plaintiff was to be available as a consultant to the defendant as required.

"In examining the testimony that has been adduced, I find the plaintiff testifying that sometime in August of 1970 he met at the 26 Club for a luncheon with Mr. Neusteter concerning the matter of his termination as general manager for the Association, the defendant herein; at this time there was discussion as to the reasons why the plaintiff was told the Executive Committee felt it was time to make a change in management; that the plaintiff said he agreed with this because of the new ideas, the new plans, and it would be proper to have a change.

"Further, there was discussion that the Association would like to have the plaintiff to remain as a consultant, and the plaintiff said he was glad to do this and would help in every way he could.

"This is really the gist of what took place at the luncheon of August, 1970, concerning termination of plaintiff as general manager. Nowhere in this record do I find any discussion about any pensions, merely the matter of being a consultant, and based upon the record as made, it would be the finding of the Court that the defendant's oral motion for judgment of dismissal for failure of plaintiff to make a prima facie case should be, would be and hereby is granted. Judgment of dismissal to enter."

The court of appeals reversed for two reasons.[3] The first was that "the trial court erred in dismissing the action merely because the complaint referred to a pension, while the evidence supported a contract for a consultant's fee." The second basis was stated as follows:

"Furthermore, since the evidence was sufficient to show a contract between the parties and its breach by defendant, the court erred in dismissing the complaint at the end of plaintiff's evidence for failure to prove a prima facie case. The proper test is whether plaintiff produced some evidence which, when taken most favorably to him, proved a claim upon which relief could be granted. See Kvols v. Lonsdale, 164 Colo. 125, 433 P.2d 330."

---

[3]The statute of frauds was not pleaded and there is no mention thereof in the record, briefs, argument, court of appeals or, except this sentence, in this opinion.

■ We concur with the conclusion of the court of appeals that the district court erred in dismissing the action merely because the complaint referred to a pension. If at the close of plaintiff's case the court found that by a preponderance of the evidence it had been established that there was a valid contract by the Association to pay Brown $125 a month until his 75th birthday or his death, whichever first occurred, then the motion to dismiss should have been denied. There was no objection to Brown's testimony as to the alleged contract and, if the court had concluded that Brown should prevail under the evidence, the fact that the complaint mentioned a pension would not in itself justify a dismissal. C.R.C.P. 15(b); *Hinsey v. Jones*, 159 Colo. 326, 411 P.2d 242 (1966).

■ We do not concur with the court of appeals which, citing *Kvols v. Lonsdale*, 164 Colo. 125, 433 P.2d 330 (1967), ruled that the proper test is whether the plaintiff produced some evidence which, when taken most favorably to him, proved a claim upon which relief could be granted. In *Teodonno v. Bachman*, 158 Colo. 1, 404 P.2d 284 (1965), quoted in *Kvols v. Lonsdale, supra*, it was stated:
"It is true that when reviewing a dismissal entered at the conclusion of the plaintiffs' evidence in a jury trial, the rule urged by the plaintiffs' that the evidence must be viewed in the light most favorable to the plaintiffs is applicable. . . . But when the trial is to the court, as it was here, the trial court is the finder of the fact and may make its findings and render judgment against the plaintiffs at the close of the plaintiffs' case. Rule 41 (b)(1), R.C.P. Colo. The question on review of such action is not whether the plaintiffs made a prima facie case, but whether a judgment in favor of the defendant was justified on the plaintiffs' evidence. If reasonable men could differ in the inferences and conclusions to be drawn from the evidence as it stood at the close of the plaintiffs' case, then we cannot interfere with the findings and conclusions of the trial court."

Here, ordinarily upon a motion to dismiss at the close of the plaintiff's case in a trial to the court, the court in accordance with *Kvols* should rule as to whether or not the plaintiff was entitled to recover under all of the evidence. Except for the matters mentioned below, we would hold that the dismissal of the district court should be affirmed.

It is to be noted that the trial court appeared to predicate its ruling upon its failure to find any discussion about pension. While it mentioned that the complaint had pleaded an agreement to pay $125 per month, its order is entirely devoid of any mention of evidence or lack of evidence relating to a contract to pay a monthly sum. In such a situation, *Kvols*, cited by the court of appeals, does come into play. There in a trial to the court, at the close of the plaintiff's case, the trial court dismissed his claim upon the erroneous assumption that there was no evidence of any agreement between the parties. This court found that the record disclosed that there was evidence of an agreement and ruled that the trial court erred in its

dismissal on the ground that there was *no* evidence.

We are not concerned about the fact that defendant's counsel apparently misstated the ground for the motion of dismissal as being failure to prove a prima facie case; nor are we concerned about the district court's mention that there was granted the motion for dismissal "for failure of plaintiff to make a prima facie case." If the district court had considered the evidence in the light of whether or not the plaintiff should recover under a contract for the payment of money (irrespective of whether it might be called a pension), and if it found that the plaintiff had not established a prima facie case, it follows that the court of necessity was ruling that the plaintiff was not entitled to recover under the evidence.

We are concerned, however, with the fact that, so far as appears from the district court's ruling, it did not consider whether or not there was a valid contract by the defendant to pay the plaintiff and whether that contract remained in effect after December 30, 1972. For this reason the court of appeals was correct in its determination that the district court should be reversed.

We do not accept the Association's argument that the trial court's words above quoted, "based upon the record as made," cures any defect in the ruling.

In oral argument counsel for the Association stated that, if we did reverse, the district judge should "take up the case where it left off." We have an abiding conviction that there would be a fundamental unfairness so to treat this in the trial court. We conclude that there should be an entire new trial in this matter.

The judgment of the court of appeals is affirmed as modified by this opinion. The cause is returned to it for remand to the district court with directions for an entire new trial consistent with the views expressed in this opinion.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.