572 P.2d 847 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Irene Katherine LAMBERT, Defendant-Appellant.
No. 76-082.
Colorado Court of Appeals.
September 22, 1977.
Rehearing Denied October 13, 1977.
Certiorari Denied December 27, 1977.
*848 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Janet L. Miller, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Dorian E. Welch, Deputy State Public Defender, Denver, for defendant-appellant.
KELLY, Judge.
The defendant was charged by complaint in county court with felony theft. After preliminary hearing, the case was bound over for trial in district court. There, the defendant was convicted and placed on probation. She now appeals this conviction. We affirm.
Mrs. Lambert testified in her own behalf. During cross-examination, she testified that she was not acquainted with the financial status of her husband's business. In seeking the services of the Public Defender, however, Mrs. Lambert had signed an "Application for Representation by the Public Defender," which indicated that between $7000 and $8000 in judgments were outstanding against her husband's business. This application, which also contained the Public Defender's determination of indigency, was part of the county court record which had been certified to the district court and had become part of the district court file.
When the People attempted to refer to this document in an effort to impeach Mrs. Lambert, her lawyer objected on the grounds that the application was a privileged communication between the defendant and her attorney. Following an in camera hearing, the trial court ruled that the prior statement could be used to impeach Mrs. Lambert, but that the application itself could not be introduced before the jury. Mrs. Lambert now contends that this procedure violated her right of confidentiality in the attorney-client relationship, resulted in a deprivation of her Fifth Amendment privilege against self-incrimination, and denied her right to equal protection of the law. We do not agree.
The policy underlying the attorney-client privilege contemplates the protection of information which the client should be able to communicate to his attorney *849 without fear of disclosure, and thus, the protection extends only to the communication of matters which are confidential. Losavio v. District Court, 188 Colo. 127, 533 P.2d 32 (1975). Communications containing information to be supplied to another are not privileged. Hill v. Hill, 106 Colo. 492, 107 P.2d 597 (1940).
The statute authorizing the Public Defender to make the initial determination of indigency, § 21-1-103(3), C.R.S.1973, provides as follows:
"The determination of indigency shall be made by the state public defender, subject to review by the court." (emphasis supplied)
Consequently, since the determination of indigency is subject to judicial review, information given the Public Defender in this regard cannot be considered confidential.
Mrs. Lambert relies heavily on People v. Canfield, 12 Cal.3d 699, 117 Cal.Rptr. 81, 527 P.2d 633 (1974), to support a contrary result. We do not find the case persuasive. The statutes under consideration by the California court are significantly different from those pertaining in Colorado.
Mrs. Lambert next contends that the prosecuting attorney's use of this information in cross-examination violated the defendant's Fifth Amendment privilege against self-incrimination. Again, we do not agree. When Mrs. Lambert waived her right not to testify at her trial, her credibility was thereby placed in issue to the same extent as would be any other witness's. Routa v. People, 117 Colo. 564, 192 P.2d 436 (1948); see § 13-90-101, C.R.S.1973. Evidence of her prior inconsistent statement, since it was not protected by any claim of privilege, was, therefore, admissible against her. Section 16-10-201, C.R.S.1973.
Finally, Mrs. Lambert argues that she has been denied equal protection of the law because only those individuals who are indigent are required to provide information in support of their claim of indigency. The argument is without merit. The defendant's prior statement is admissible under generally applicable rules of evidence. Since these are not rules designed especially for the economically disadvantaged, there has been no denial of equal protection.
Judgment affirmed.
COYTE and BERMAN, JJ., concur.