The PEOPLE of the State of Colorado, Petitioner-Appellant,

v.

The Honorable Thomas R. ENSOR, County Court Judge, Respondent-Appellee.

No. 80CA0833.

Colorado Court of Appeals, Div. II.

July 23, 1981.

Paul Q. Beacom, Dist. Atty., Marc P. Mishkin, Steven Bernard, Deputy Dist. Attys., Brighton, for petitioner-appellant.

Lawrence Rotenberg, Denver, for respondent-appellee.

PIERCE, Judge.

The district attorney for Adams County appeals the judgment of the district court denying his request, pursuant to C.R.C.P. 106(a)(4), for an order prohibiting a county court judge from quashing a subpoena served upon an attorney. We reverse.

A former client of the subpoenaed attorney was charged in Adams County Court with driving under the influence of intoxicating liquor. The district attorney subsequently discovered that this client apparently had a prior conviction for an offense under the same statute and, pursuant to § 42–4–1202(4)(a), C.R.S. 1973, sought enhanced punishment for the client. In order to establish the fact of prior conviction, the district attorney subpoenaed the attorney who had represented the client at the time of the alleged prior conviction.

On grounds that serving an attorney with a subpoena compelling him to testify against former client was unethical, the county court granted the attorney's motion to quash the subpoena, and ruled that the district attorney would be required to use alternative means of proof for the purpose of sentence enhancement.

The district attorney argues that the trial court erred in quashing the subpoena. We agree.

The district attorney is not obligated to call any particular witnesses, but may try his case by calling those witnesses whom he, in his discretion, chooses to call. *Hampton v. People*, 171 Colo. 153, 465 P.2d 394 (1970). To aid him in his endeavors, he is given the power to compel the attendance of witnesses by subpoena. Crim.P. 17(a). Although this rule provides supervision by the court, there is no authority under it to quash the subpoena if the district attorney has complied with the technical requirements of the rule. Crim.P. 17. Therefore, the court has no power to quash a subpoena that has been properly issued, and an attorney has no more right than any other witness to refuse to respond to a subpoena and must honor a subpoena properly issued and served. *Losavio v. District Court*, 188 Colo. 127, 533 P.2d 32 (1975).

The parties have strenuously argued the applicability of attorney-client privilege. A client may exercise a privilege to prohibit certain testimony by his legal counsel once the attorney has been sworn as a witness. *See Stauffer v. Karabin*, 30 Colo.App. 357, 492 P.2d 862 (1971). However, the attorney-client privilege is not violated solely by issuance of a subpoena compelling an attorney to appear. *Losavio v. District Court, supra.*

The trial court based its ruling solely on the determination that the actions of the district attorney were unethical. The parties have not referred to, nor have we found, any section of the Colorado Code of Professional Responsibility that would prohibit the district attorney from requesting such a subpoena; neither have we discovered any Colorado case law which would serve as authority for the court's conclusion.

The judgment is reversed and the cause is remanded to the district court with directions to remand the matter to the county court for further proceedings consistent with this opinion.

VAN CISE and KELLY, JJ., concur.