**SOUTH CAROLINA INSURANCE COMPANY, a foreign corporation authorized to do business in the State of Colorado, Subrogee of Edward W. and Gladys A. Radcliff, Plaintiffs-Appellants,**

v.

**Mary K. FISHER, Defendant-Appellee.**

No. 82CA0322.

Colorado Court of Appeals,
Div. III.

Sept. 27, 1984.

Rehearing Denied Nov. 1, 1984.

Certiorari Denied April 15, 1985.

Hall & Evans, John W. Trueax, Donald D. Page, Alan Epstein, Denver, for plaintiffs-appellants.

Don D. Jacobson, Denver, for defendant-appellee.

KELLY, Judge.

Plaintiff South Carolina Insurance Co. (South Carolina) appeals the trial court's judgment dismissing its action against Mary K. Fisher pursuant to her motion under C.R.C.P. 41(b)(1). We reverse and remand for new trial.

This suit concerns an alleged settlement agreement between South Carolina and Fisher. To demonstrate the existence of the agreement, South Carolina endeavored to prove that it had accepted an offer of settlement made by an attorney purportedly representing Fisher. Fisher denied the existence of the agreement or that she had ever authorized the attorney to extend offers of settlement. South Carolina's attempt to subpoena the attorney was quashed, and all inquiries to other witnesses calculated to demonstrate the attorney's authority were frustrated on the grounds of lack of relevance, hearsay, or privilege.

I.

South Carolina first contends that the trial court erred in quashing its subpoena of Linda Petrino, the alleged attorney for Fisher, on the basis of the attorney-client privilege and attorney work product doctrine. We agree. Although these protections may be asserted at trial as a bar to specific questions, they are not grounds for quashing a subpoena properly issued. *People v. Ensor*, 632 P.2d 641 (Colo.App.1981).

Further, neither privilege would preclude South Carolina from inquiring of Petrino whether Fisher had authorized settlement. The attorney-client privilege set out at § 13–90–107(1)(b), C.R.S., does not protect communications made to an attorney with the intent that they be conveyed to a third party, *Hill v. Hill*, 106 Colo. 492, 107 P.2d 597 (1940); *People v. Lambert*, 40 Colo.App. 84, 572 P.2d 847 (1977), nor is settlement authority a matter prepared by the attorney in anticipation of litigation. *Cf. A v. District Court*, 191 Colo. 10, 550 P.2d 315 (1976).

Fisher's contention that South Carolina made no offer of proof as to what Petrino would say and has, therefore, not preserved the issue of prejudice in the trial court's quashing of Petrino's subpoena, is without merit. The record is replete with offers of proof apprising the trial court of the substance, purpose, and relevance of the excluded testimony. *See Delta Dynamics, Inc. v. Arioto*, 69 Cal.2d 525, 72 Cal.Rptr. 785, 446 P.2d 785 (1968). These offers of proof are not limited to negotiations or unaccepted offers of settlement, as Fisher contends. Rather, they include Petrino's statement that she would testify that she represented Fisher in settlement of the case, and counsel for South Carolina's statement that he would prove through Petrino that Fisher offered and South Carolina accepted a specific sum in settlement. Thus, South Carolina has preserved the issue of prejudice flowing from its inability to subpoena Petrino. *See United States v. Nevitt*, 563 F.2d 406 (9th Cir.1977); *Delta Dynamics, Inc. v. Arioto*, *supra*.

Fisher's arguments that the exclusion of Petrino's testimony was harmless are without merit.

## II.

South Carolina next contends that the trial court erred in restricting and then rejecting certain testimony by the ex-husband on the grounds of hearsay and marital privilege. We agree.

■■■■ An admission by a party opponent is not hearsay, CRE 801(d)(2), nor does the marital privilege extend to communications made in the presence of a third party. *Deutscher v. State*, 95 Nev. 669, 601 P.2d 407 (1979); *see* § 13–90–107(1)(a), C.R.S. The ex-husband's testimony concerning a 3-way telephone conversation between Fisher, Petrino, and himself in which Fisher authorized Petrino to extend a specific offer of settlement is, therefore, not barred by the marital privilege nor the rule against hearsay.

## III.

■■■■ South Carolina next argues that the trial court erred in rejecting as irrelevant all evidence of an oral settlement agreement on the grounds that a settlement agreement, to be enforceable, must be in writing. Again, we agree.

■■■■ A settlement agreement is not required to be in writing. *See Green v. John H. Lewis & Co.*, 436 F.2d 389 (3rd Cir. 1970), cited with approval in *Griego v. Kokkeler*, 543 P.2d 729 (Colo.App.1975) (not selected for official publication). The statute of frauds does not bar enforcement of the agreement here. Although by its terms incapable of performance within one year, the settlement agreement is evidenced by a letter signed by a purported agent of the party against whom South Carolina sought to enforce it. *See* § 38–10–112(1), C.R.S.; *Beckwith v. Talbot*, 2 Colo. 639 (1875), *aff'd*, 5 OTTO 289, 95 U.S. 289, 24 L.Ed. 496 (1877).

## IV.

■■■■ We also agree with South Carolina's contention that the trial court erred in rejecting as irrelevant certain exhibits offered by it to evidence the settlement agreement. The exhibits included a letter from Petrino offering settlement purportedly on behalf of Fisher and a letter from South Carolina accepting that offer.

The trial court at first provisionally accepted these exhibits. It then rejected them as irrelevant, apparently on the grounds that a contract cannot be evidenced by correspondence, that the authority of Fisher to make the offer had not been shown, and that the letters amounted only to negotiations.

■■■■ Even where the statute of frauds applies, however, a contract may be evidenced by correspondence. *Marti-Matter Co. v. Thomas*, 70 Colo. 478, 202 P. 703 (1921); *Beckwith v. Talbot, supra*. Had South Carolina been permitted to subpoena Petrino, her authority to extend the offer might have been shown. If the offer were made with authority, a contract was created by South Carolina's acceptance, there being no need to reduce the agreement to a formal document. *Griego v. Kokkeler, supra*. Thus, it was error not to admit the exhibits offered.

## V.

Finally, we agree with South Carolina's contention that the trial court erred in granting Fisher's motion to dismiss.

■■■■ A motion to dismiss pursuant to C.R.C.P. 41(b)(1) in a trial to the court may be granted if judgment for the defendant is justified on the plaintiff's evidence. *Teodonno v. Bachman*, 158 Colo. 1, 404 P.2d 284 (1965). Here, however, the trial court's erroneous evidentiary rulings prevented the plaintiff from presenting the evidence necessary to sustain its case; thus, the dismissal is not sustainable. *See Kvols v. Lonsdale*, 164 Colo. 125, 433 P.2d 330 (1967).

The judgment is reversed and the cause is remanded to the trial court for a new trial.

TURSI and METZGER, JJ., concur.